

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**11/12/2010**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **NE 40 PARTNERS, LIMITED** | § | **Case No. 09-30478-H4-11** |
| **PARTNERSHIP** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **AIRPORT BOULEVARD** | § | |
| **APARTMENTS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Adversary No. 09-03057** |
| | § | |
| **NE 40 PARTNERS, LIMITED** | § | |
| **PARTNERSHIP,** *et al* | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION RELATING TO GRAHAM MORTGAGE CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT
[Adv. Docket No. 225]

### I. INTRODUCTION

This Memorandum Opinion relates to a motion to dismiss brought by Graham Mortgage

Corporation (Graham), a defendant in Adversary Proceeding No. 09-03057 (the Adversary

Proceeding). On July 1, 2010, the Chapter 7 trustee (the Trustee) of the bankruptcy estate (the

Estate) of NE 40 Partners, Limited Partnership (the Debtor) filed a complaint asserting, among

other things, that Graham received payments in violation of 11 U.S.C. §§ 544, 548, & 550, and

also aided and abetted breaches of fiduciary duty committed by the Debtor. This Memorandum Opinion focuses on the required specificity for fraud allegations that are pleaded by a Chapter 7 trustee, yet to be directly addressed by the Fifth Circuit subsequent to *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, which require a heightened pleading standard for Rule 12(b)(6) motions to dismiss. 129 S. Ct. 1937 (2009); 550 U.S. 544 (2007).

The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.[1] To the extent that any finding of fact is construed as a conclusion of law, it is adopted as such. Moreover, to the extent that any conclusion of law is construed as a finding of fact, it is adopted as such. The Court reserves its right to make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

## II. FACTUAL AND PROCEDURAL BACKGROUND OF THE ADVERSARY PROCEEDING

1.    On January 26, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, commencing case number 09-30478. [Main Case, Docket No. 1]. On August 27, 2009, this Court entered an Order Converting Case to Chapter 7. [Main Case, Docket No. 91].

2.    On September 29, 2009, the Trustee filed his Original Complaint in Intervention in the pending Adversary Proceeding [Adv. Docket No. 123]. The Trustee did not name Graham as a defendant in this pleading.

3.    On July 1, 2010, the Trustee filed his Second Amended Complaint in Intervention (the Complaint). [Adv. Docket No. 206]. This is the live complaint which this Memorandum

---

[1] Reference to a "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure. Any reference herein to "the Code" refers to the United States Bankruptcy Code. Further, reference to any section (i.e. §) refers to a section in 11 U.S.C., which is the United States Bankruptcy Code. Reference to a "Rule" refers to the Federal Rules of Civil Procedure.

Opinion concerns. In the Complaint, the Trustee alleges (in counts 7, 9, 11, 13, 15, 17, and 19) fraudulent transfer causes of action against Graham pursuant to 11 U.S.C. §§ 548 & 550. [Adv. Docket No. 225, ¶ 9]. Additionally, the Trustee alleges (in counts 8, 10, 12, 14, 16, 18, and 20) fraudulent transfer causes of action against Graham pursuant to 11 U.S.C. §§ 544 & 550. Finally, the Complaint alleges (in count 23) that Graham also aided and abetted a breach of fiduciary duty by the Debtor. [Adv. Docket No. 225, ¶¶ 16 & 23].

4.   On August 23, 2010, Graham filed its Motion to Dismiss for Failure to State a Claim or in the Alternative for a More Definite Statement and Brief in Support (the Motion to Dismiss). [Adv. Docket No. 225]. The Motion to Dismiss seeks dismissal of the causes of action, pursuant to Rule 9(b) and Rule 12(b)(6), only as they relate to Graham.

5.   On September 16, 2010, the Trustee filed his (i) Response in Opposition to Graham's Motion to Dismiss for Failure to State a Claim or in the Alternative for a More Definite Statement and Brief in Support and, (ii) In the Alternative, Motion for Leave to Amend Second Amended Complaint in Intervention (the Response). [Adv. Docket No. 227]. In the Response, the Trustee asserts that the requirements for pleading fraud with specificity under Rule 9(b) are relaxed for Chapter 7 trustees. [Adv. Docket No. 227, ¶ 5].

6.   On October 12, 2010, Graham filed Graham's Reply to the Response (the Reply). [Adv. Docket No. 239].

7.   On October 26, 2010, this Court held a hearing and took the matter under advisement.

### III. CONCLUSIONS OF LAW

**A.   Jurisdiction and Venue**

The Court has jurisdiction over the matters raised in the Motion to Dismiss pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (H), and (O). Additionally, this matter is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. §§ 1408(1) & 1409(a).

**B.     The Standard of Review When Evaluating Fraud Complaints**

Complaints that allege fraud must meet a higher standard of pleading. FED. R. CIV. P. 9(b).[2] Rule 9(b) requires complaints asserting fraud to set forth the facts with sufficient particularity so as to "provide defendants adequate notice of the nature and grounds of the claim." *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 652 (S.D. Tex. 2009) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)).

This Court, however, must determine whether this heightened level of particularity under Rule 9(b) applies to Chapter 7 trustees asserting fraud causes of action. This Court has only found one Texas bankruptcy court which has applied a relaxed standard of fraud pleading to Chapter 7 bankruptcy trustees. *Pate v. Hunt (In re Hunt)*, 136 B.R. 437, 452 (Bankr. N.D. Tex. 1991) ("The Court also emphasizes that a less stringent standard prevails in a bankruptcy proceeding involving fraudulent transfer claims brought by a trustee.") (citing *Hasset v.*

---

[2] Rule 9(b) is made applicable to adversary proceedings by Bankruptcy Rule 7009 and causes of action under 11 U.S.C. §§ 544 & 548 are subject to the requirements of Rule 9(b). *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 439 (5th Cir. 1994); *see generally Kaye v. Dupree (In re Avado Brands, Inc.)*, 358 B.R. 868 (Bankr. N.D. Tex. 2006).

*Weissman (In re O.P.M. Leasing Serv., Inc.)* 35 B.R. 854, 862 (Bankr. S.D.N.Y. 1983)). The rationale for this less stringent standard is that "the third party trustee is generally pleading fraud on second-hand information." *Id.*

This issue has not been addressed, however, since the Supreme Court's recent decisions in *Twombly* and *Iqbal*. Since these two cases, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).[3]

Prior to the general shift from simple notice pleading to a heightened form of pleading, the Third Circuit had applied a more flexible approach to Rule 9(b). *Craftmatic Sec. Litig. V. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) ("[F]ocusing exclusively on the particularity requirement is 'too narrow an approach and fails to take into account of the general simplicity and flexibility contemplated by the rules.'") (quoting *Christidis v. First Penn. Mortg. Trust*, 717 F.2d 96, 100 (3d Cir. 1983)); *C.W. Sommer & Co. v. Rockefeller (In re Rockefeller Ctr. Props. Sec. Litig.)*, 311 F.3d 198, 216 (3d Cir. 2002) ("Where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed.") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).

Despite the Supreme Court's move toward a more heightened pleading standard, Delaware bankruptcy courts have continued to apply the Third Circuit's relaxed view toward

---

[3] This Court is aware that *Twombly* and *Iqbal* apply to Rule 8 and Rule 12(b)(6), and not Rule 9(b). However, it stands to reason that one could also infer a shift in pleading standards generally, requiring this Court to reexamine the relaxed pleading standards for Chapter 7 trustees, as set forth in 1991 by a Northern District of Texas bankruptcy court in *Hunt*. Indeed, in a case from 2010 from an Eastern District of Texas bankruptcy court, it is clear that the *Hunt* holding is questioned. *Moser v. Dadyburjor (In re Sigma Sys.)*, Adv. No. 09-4126, 2010 Bankr. LEXIS 109, at *11 (Bankr. E.D. Tex. Jan 11, 2010) ("Allegations of bankruptcy fraud, like all allegations of fraudulent predicate acts, are subject to the heightened pleading requirements of Rule 9(b).")

Rule 9(b) and held that "[a] trustee is generally afforded greater liberality in pleading fraud, since he is a third-party outsider to the debtor's transactions. Nevertheless, these relaxed Rule 9(b) requirements require the trustee to do more than merely identify the allegedly fraudulent transfers." *Aphton Corp. v. Sonafi Pasteur (In re Aphton Corp.)*, 423 B.R. 76, 85 (Bankr. D. Del. 2010) (footnotes omitted); *see also Official Comm. Of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P. (In re Fedders N. Am., Inc.)*, 405 B.R. 527, 544 (Bankr. D. Del. 2009) (noting that a trustee's lack of knowledge about previous fraud should allow him to plead with less specificity than would normally be allowed) (citing *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188 (Bankr. D. Del. 2004)).

While this Court understands the relaxed Rule 9(b) exception and the rationale set forth by the Delaware bankruptcy courts, this Court declines to apply that standard for the following reasons: (1) the Fifth Circuit reads Rule 9(b) strictly; and (2) a Chapter 7 trustee has many tools in his tool belt that would enable him to gather the requisite knowledge to file a fraudulent transfer complaint without having to rely on a more relaxed standard of pleading.

     1.     *The Fifth Circuit Interprets Rule 9(b) Strictly*

Even prior to the increased pleading requirements of *Twombly* and *Iqbal*, Fifth Circuit precedent has strictly interpreted Rule 9(b). Indeed, the Fifth Circuit requires plaintiffs to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

In contrast, as explained *supra*, the Third Circuit approaches Rule 9(b) with a much more flexible approach. As such, compared to Texas bankruptcy courts, the Delaware bankruptcy courts have greater latitude, which allows them to give Chapter 7 trustees leeway when analyzing their pleadings under Rule 9(b). In contrast, in the Fifth Circuit, "allegations of fraudulent predicate acts[] are subject to the heightened pleading requirements of Rule 9(b)." *In re Sigma Sys.*, 2010 Bankr. LEXIS 109, at *11 (citing *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004)).

### 2.     *Chapter 7 trustees have a Duty to Investigate*

The Fifth Circuit has noted that a trustee has a number of fiduciary duties, including a duty to investigate the financial affairs of the debtor. *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1323 (5th Cir. 1989); *see also In re Red River Energy, Inc.*, 409 B.R. 163, 181 (Bankr. S.D. Tex. 2009); 11 U.S.C. § 704(4). Moreover, a Chapter 7 trustee is directed to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1); *Ferguson v. John Hancock Life Ins. Co.*, No. H-07-3501, 2008 U.S. Dist. LEXIS 112660, at *2 (S.D. Tex. Jan. 11, 2008); *see also In re Am. Solar King Corp.*, 90 B.R. 808, 828 (Bankr. W.D. Tex. 1988) (noting that a debtor-in-possession has a fiduciary duty to unsecured creditors to recover and preserve property of the estate).

In declining to allow a more relaxed pleading standard for Chapter 7 trustees, the Court seeks to encourage trustees to utilize all of the tools in their tool box to investigate adequately the financial affairs of the debtor before initiating a fraudulent transfer adversary proceeding. For example, a Chapter 7 trustee has the power to use Bankruptcy Rule 2004 examinations— effectively permitting him to go on "licensed fishing expeditions"—which allows him to gather enough information so that the "relaxed standard" promulgated by the Delaware bankruptcy

courts is not necessary. *See, e.g.*, *In re Bounds*, No. 09-12799, 2010 Bankr. LEXIS 2983, at * 14 (Bankr. W.D. Tex. Aug. 31, 2010) (noting that numerous courts have likened a Bankruptcy Rule 2004 examination to a fishing expedition). Indeed, the discovery tools available to a Chapter 7 trustee should allow a trustee to present the "who, what, where, when, and how," thus forcing trustees to do their homework before filing an adversary proceeding and subsequently improving judicial economy. *Benchmark Elecs.*, 343 F.3d at 724 (5th Cir. 2003).

Accordingly, for all of the reasons set forth above, this Court declines to apply the relaxed pleading standards for Chapter 7 trustees asserting fraud, and instead, holds that a Chapter 7 trustee is held to the same heightened pleading standard as every other plaintiff that brings a fraud cause of action under Rule 9(b).

**C.     The Trustee Has Failed to Plead with Particularity His Causes of Action Against Graham.**

Analyzing the Trustee's pleadings strictly, pursuant to Rule 9(b), the Trustee has failed to plead his causes of action with sufficient particularity. Indeed, the Trustee's allegations of fraud are general in nature and the Complaint does not provide the "who, what, when, where, and how" required by the Fifth Circuit. *Id.*

For example, in Count 8,[4] the Trustee asserts the following in relation to Graham: "the Trustee asserts claims pursuant to 11 U.S.C. § 544 and TUFTA § 24.006. Specifically, that the transfers of the Brittany Payments were fraudulent transfers to certain creditors, including without limitation, ABA, for antecedent debt, at a time when the Debtor was insolvent and Graham had reasonable cause to believe that the Debtor was insolvent." This allegation falls short of satisfying the fraud pleading standards set forth by the Fifth Circuit. The Trustee must

---

[4] This Count is entitled "Avoidance of Fraudulent Transfers Under 11 U.S.C. §§ 544 & 550 (Transfers to Graham for the Benefit of Brittany and Graham)." [Adv. Docket No. 206, p. 25].

clearly set forth the "who, what, when, where, and how" relating to the statement "Graham had reasonable cause to believe that the Debtor was insolvent." This did not occur.

This is but one of many examples of the Trustee's inadequate pleadings. This Court, however, will not dismiss the Complaint as it relates to Graham outright. Instead, the Trustee shall be permitted to amend his pleadings. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). Accordingly, this Court will allow the Trustee until November 30, 2010 to amend the Complaint, thus preventing undue delay and hardship on Graham. As such, this Court concludes that justice will be served by allowing the Trustee to amend the Complaint as to Graham so long as the amendment is filed by November 30, 2010.

### IV. CONCLUSION

An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 12th day of November, 2010.

_____
Jeff Bohm
United States Bankruptcy Judge